IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Kevin Shane Owens, | Civil Action No. 1:25-cv-6446-CMC |
| Plaintiff, | |
| vs. | **ORDER** |
| Greenville County Detention Center, | |
| Defendant. | |

This matter is before the court on Plaintiff's Complaint. ECF No. 1. He alleges he did not receive his prescription medication for mental illness while in state custody as a pretrial detainee. *Id.* at 5. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

The Magistrate Judge issued a Proper Form Order and Order and Notice, advising Plaintiff of deficiencies in his Complaint and allowing him to file an Amended Complaint. ECF Nos. 4, 5. Plaintiff's mail was returned as undeliverable, with a note he had been released from custody. ECF No. 7.[1] On July 30, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending Plaintiff's Complaint be summarily dismissed because the Greenville County Detention Center is not amenable to suit under § 1983. ECF No. 9. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff did not respond to the Report and the time to do so has expired.

---

[1] Plaintiff has not submitted a change of address form after his release.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The court is only required to review for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After considering the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error and agrees with the Report's recommendation the matter should be dismissed. Accordingly, the court adopts the Report by reference in this Order. This matter is hereby summarily dismissed without prejudice.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 19, 2025